## S. E. HUGHES v. STATE.

No. A-2069.    Opinion Filed August 8, 1914.

(141 Pac. 1178.)

HOMICIDE—Manslaughter in the First Degree—Sufficiency of Evidence. The evidence upon the trial of an information for murder examined and held to be sufficient to support a verdict of manslaughter in the first degree.

(Syllabus by the Court.)

*Appeal from District Court, Atoka County;*
*Summers Hardy, Judge.*

S. E. Hughes was convicted of manslaughter in the first degree, and appeals.    Affirmed.

*Linebaugh Bros. & Pinson* and *Utterback, Hayes & Mc-Donald,* for plaintiff in error.

*Chas. West,* Atty. Gen., for the State.

DOYLE, J.    Plaintiff in error was convicted of manslaughter in the first degree, on an information filed in the district court of Atoka county, on the 31st day of January, 1913, wherein it is charged that S. E. Hughes, in said county, did on or about the 28th day of September, 1912, commit the crime of murder by cutting and stabbing one E. Pickens.    In accordance with the verdict of the jury on the 20th day of February, 1913, the court sentenced the defendant to imprisonment in the penitentiary for a term of four years.    To reverse the judgment, the defendant appealed by filing in this court on August 15, 1913, a petition in error with case-made.

The evidence shows that the deceased, the defendant, and all the parties concerned were negroes; that on the day alleged, at a ball game in Stringtown, the deceased, East Pickens, and Crit Quirk were scuffling, and the defendant ran up with an open knife in his hand and stabbed Pickens in the back, resulting in his death four or five days later.    There is no dispute about the fact that the defendant cut and stabbed the deceased.

The defendant, as a witness in his own behalf, attempted to justify his act on the ground of self-defense. He testified that he went to where Quirk and Pickens were having trouble, intending to stop it; that, just before he reached them, the deceased, East Pickens, turned and came towards him with a knife in his hand, saying, "I am going to fix you," and he stabbed him in self-defense.

We think there can be no doubt from the evidence that the defendant, without provocation, stabbed the deceased. The proof tends to show that the motive was jealousy. No brief has been filed on behalf of the defendant, and we have not been favored with an oral argument in his behalf. We have carefully examined the record and do not find that it contains any error prejudicial to the rights of the defendant. In fact, his trial was eminently fair. It is apparent that justice has been done, and that the duty of this court is fully performed by an affirmance of the judgment.

The judgment of conviction is, therefore, affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.